OPINION OF THE COURT
 

 Wesley, J.
 

 The issue on this appeal is whether a defendant who enters into a plea bargain without a specific sentence promise and waives the right to appeal, loses the right to challenge the sentence in an intermediate appellate court as harsh and excessive. We hold that defendant’s unrestricted waiver of the right to appeal in this case encompassed her right to review of the sentence as harsh and excessive.
 

 On February 24, 1996, defendant participated in a street fight, during which one of her cohorts slashed a woman in the
 
 *735
 
 face. On June 27, 1996, the Erie County Grand Jury indicted defendant on one count of assault in the first degree. On October 2, 1996, defendant entered a plea of guilty to attempted assault in the first degree in full satisfaction of the indictment. The negotiated plea agreement did not include a specific sentence commitment and left sentencing to the discretion of the court. At the time of the plea, the court reviewed all aspects of the plea agreement with defendant and explained the range of the court’s sentencing options, including the maximum incarceration time and the maximum fine. During the plea colloquy, defendant expressly waived her right to appeal her “conviction.” On November 22, 1996, defendant was sentenced to a term of imprisonment of one to three years.
 

 Defendant appealed to the Appellate Division, arguing that her sentence was harsh and excessive. The Appellate Division, without opinion, unanimously affirmed defendant’s judgment of conviction (242 AD2d 986). A Judge of this Court granted leave to appeal and we now affirm.
 

 People v Seaberg
 
 (74 NY2d 1) held that a defendant may waive the right to appeal as part of a plea bargain. In
 
 Seaberg,
 
 we recognized that plea bargains are a vital and necessary part of the criminal justice system. We noted that plea bargains help conserve prosecutorial and judicial resources, provide prompt resolution of criminal proceedings, and permit swift and certain punishment of law violators
 
 (id.,
 
 at 7). We also determined that these public interest concerns are furthered by enforcing waivers of the right to appeal negotiated pleas or sentences
 
 (id.,
 
 at 10). The case noted that the right to appeal a plea or sentence, while important, fell outside the class of limited rights for which a defendant cannot waive appellate review because of society’s interest in the integrity of the criminal process
 
 (id.,
 
 at 9). The waiver of the right to appeal is enforceable as long as the waiver is on the record and is voluntary, knowing and intelligent
 
 (id.,
 
 at 11-12), and does not implicate those categories of claims that survive appeal waivers under our case law
 
 (see, e.g., People v Callahan,
 
 80 NY2d 273).
 

 A number of cases exploring the scope of a waiver of the right to appeal followed
 
 (see, People v Allen,
 
 82 NY2d 761;
 
 People v Callahan, supra; People v Karim,
 
 146 AD2d 805;
 
 People v Smith,
 
 142 AD2d 195). In each case, the sweep of the waiver of the right to appeal encompassed all appealable issues of the case, including those relating to the sentence, except as to those claims which important public policy concerns
 
 *736
 
 dictate survive a bargained-for waiver
 
 (see, People v Allen, supra,
 
 at 763;
 
 People v Callahan, supra,
 
 at 281;
 
 People v Karim, supra,
 
 at 806;
 
 People v Smith, supra,
 
 at 201).
 

 Recently, a line of cases has emerged involving an added twist on the scope of an appeal waiver — does an appeal waiver encompass issues relating to the sentence where defendant has not received a specific sentence promise at the time of the plea colloquy and waiver?
 

 The Departments of the Appellate Division have split on this issue. The Fourth Department has held that an appeal waiver encompasses issues relating to the sentence, even where defendant has not received a specific sentence promise
 
 (see, e.g., People v Chandler,
 
 214 AD2d 1027). By contrast, the Second and Third Departments have held that a defendant does not waive the right to review of the sentence if defendant is unaware of the sentence at the time of the appeal waiver
 
 (see, People v Leach,
 
 203 AD2d 484;
 
 People v Maye,
 
 143 AD2d 483).
 

 Defendant argues that she never explicitly waived her right to seek review of her sentence, and that her general waiver did not encompass appellate review of her sentence because she did not know her specific sentence at the time of the waiver. We disagree.
 

 The initial determination as to whether a particular waiver is knowing, intelligent and voluntary is made by the trial court at the time of the plea/waiver colloquy. The trial court must assess a number of relevant factors, including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused
 
 (People v Callahan, supra,
 
 80 NY2d, at 280;
 
 People v Seaberg, supra,
 
 74 NY2d, at 11). The role of the appellate courts is to review the record to ensure that the defendant’s waiver reflects a knowing, intelligent and voluntary choice
 
 (id.).
 
 In this case, defendant does not argue that the waiver was involuntary. Instead, she argues that the waiver was neither knowing nor intelligent.
 

 Defendant was charged with assault in the first degree and faced a possible maximum sentence of 15 years in prison (Penal Law §§ 120.10, 70.00 [2] [c]).
 
 *
 
 In full satisfaction of this charge, defendant pleaded guilty to the reduced charge of attempted assault in the first degree, and lowered her maximum prison exposure to seven years (Penal Law § 110.05 [5]; § 70.00 [2]
 
 *737
 
 [d]). During the plea colloquy, the trial court advised defendant that if she pleaded guilty to the reduced charge, she could be incarcerated for up to seven years, placed on probation for up to five years, and/or fined up to $5,000. Defendant confirmed that she understood the court’s options, and that no “promises or commitments” had been made concerning her sentence. Immediately thereafter, defendant expressly waived her right to appeal without limitation. Defendant further confirmed that she understood that she could not return to “this Court or to any court” to set aside her “conviction”, and that she had discussed this with counsel. Under these circumstances, we conclude that defendant knowingly and intelligently waived her right to appeal from any and all aspects of her case, including the sentence
 
 (see, People v Allen, supra,
 
 82 NY2d, at 763).
 

 It is true that defendant did not explicitly waive her right to challenge her sentence during the plea colloquy. However, we have consistently held that “trial courts are not required to engage in any particular litany during an allocution in order to obtain a valid guilty plea in which defendant waives a plethora of rights”
 
 (People v Moissett,
 
 76 NY2d 909, 910-911). Here, the trial court engaged in a full and adequate colloquy, and defendant expressly waived her right to appeal without limitation. In our view, defendant’s general unrestricted waiver encompassed her right to challenge her sentence as harsh and excessive
 
 (see, People v Allen, supra,
 
 82 NY2d, at 763;
 
 see also, People v Muniz,
 
 91 NY2d 570 [decided today]).
 

 While defendant did not know her specific sentence at the time of the waiver, she did acknowledge the sentencing options the trial court could impose in its discretion. By waiving her right to appeal, defendant agreed to end this matter entirely at sentencing and to abide by the court’s exercise of discretion in determining her sentence. We have reviewed defendant’s remaining contentions and find them to be without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed.
 

 *
 

 Shortly after defendant took her plea, the Legislature elevated assault in the first degree to a class B felony (L 1996, ch 646), carrying a possible sentence of up to 25 years (Penal Law § 70.00 [2] [b]).