is not preserved for our review. Furthermore, because this matter was tried without a jury, we presume that the court relied only upon competent evidence in reaching its decision (*see, Matter of Rita VV.,* 209 AD2d 866, 868, *lv denied* 85 NY2d 811; *People v Arnold,* 188 AD2d 1020, 1021, *lv denied* 81 NY2d 836). (Appeal from Order of Erie County Family Court, Rosa, J.—Visitation.) Present—Pine, J. P., Lawton, Hayes, Callahan and Fallon, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD HEARD, Appellant. (Appeal No. 1.) [678 NYS2d 705] —Judgment unanimously affirmed (*see, People v Hidalgo,* 91 NY2d 733). (Appeal from Judgment of Erie County Court, D'Amico, J.—Attempted Tampering Witness, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Fallon, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD HEARD, Appellant. (Appeal No. 2.) [678 NYS2d 705] —Judgment unanimously affirmed (*see, People v Hidalgo,* 91 NY2d 733). (Appeal from Judgment of Erie County Court, D'Amico, J.—Criminal Possession Controlled Substance, 7th Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Fallon, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD J. KING, Appellant. [678 NYS2d 767] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that County Court erred in denying his motion to suppress on the ground that he was questioned by the police before he received his *Miranda* warnings. The record establishes that defendant was not under arrest at the time of the questioning and that the police advised defendant that he was free to leave. Defendant's freedom of movement was not restricted, the atmosphere was not coercive and the length of the questioning was less than half an hour. Under those circumstances, defendant was not in custody and *Miranda* warnings were not required (*see, People v Yukl,* 25 NY2d 585, 588-589, *rearg denied* 26 NY2d 883, *cert denied* 400 US 851; *People v McGowan,* 201 AD2d 743, *lv denied* 83 NY2d 1005).

We further conclude that the court did not abuse its discretion in denying defendant's initial motion for new counsel. Defendant failed to show " 'good cause' for the desired substitution" (*People v Sawyer,* 57 NY2d 12, 18, *rearg dismissed* 57 NY2d 776, *cert denied* 459 US 1178). Defendant failed to preserve for our review his contention that the court erred in neither considering nor granting him youthful offender status (*see, People v Granton,* 236 AD2d 624, 625, *lv denied* 89 NY2d