lant. [680 NYS2d 783] —Order unanimously affirmed without costs. Memorandum: Twenty-one years after admitting his paternity with respect to Gregory H., respondent moved to vacate the order of filiation and support entered following that admission on the ground of fraud or misrepresentation (see, CPLR 5015 [a] [3]). Respondent alleged that petitioner, the child's mother, told him at some unspecified time that another man was the biological father of the child. Petitioner asserted in an opposing affidavit that she did not say anything to lead respondent to believe that he was not the father, that she engaged in sexual relations with respondent during the period of conception, and that she was not then engaged in a sexual relationship with any other man. She further asserted that, until a few years before he brought the motion, respondent held himself out to be the father and that the child believes respondent to be his father. The child is now emancipated.

Family Court did not abuse its discretion in denying respondent's motion without a hearing. "We conclude that Family Court had sufficient information before it to make a determination as to the best interests of the [child] without a hearing" (Matter of Thomas v Rosasco, 226 AD2d 800, 801). "Where, as here, a significant period of time has elapsed since entry of the order of filiation, a party seeking [a blood grouping] test to negate his prior admission of paternity must proffer more than conjecture that the child is not his" (Matter of Erie County Dept. of Social Servs. [Cebelle J.] v Vaughn W., 197 AD2d 924, 925; see, Matter of Shirley M. C. v Curley G., 188 AD2d 1080). Further, respondent is equitably estopped from denying his paternity due to the passage of time and the fact that he held himself out as the child's father for 16 years (see, Matter of Thomas v Rosasco, supra, at 801; see also, Matter of Commissioner of Social Servs. of Tompkins County [Barbara A.] v Gregory B., 211 AD2d 956, 958; Mancinelli v Mancinelli, 203 AD2d 634, 635-636; cf., Matter of Darcie T. v Robert M. L., 255 AD2d 955 [decided herewith]). (Appeal from Order of Onondaga County Family Court, Rossi, J.—Vacate Order.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD McCRAYER, Appellant. (Appeal No. 1.) [679 NYS2d 866] —Judgment unanimously affirmed (see, People v Hidalgo, 91 NY2d 733). (Appeal from Judgment of Supreme Court, Erie County, Burns, J.—Attempted Criminal Possession Weapon, 3rd Degree.) Present—Pine, J. P., Hayes, Wisner and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD McCRAYER, Appellant. (Appeal No. 2.) [679 NYS2d 866]

—Judgment unanimously affirmed (*see, People v Hidalgo*, 91 NY2d 733). (Appeal from Judgment of Supreme Court, Erie County, Burns, J.—Attempted Criminal Possession Weapon, 3rd Degree.) Present—Pine, J. P., Hayes, Wisner and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE HAMMOCK, Appellant. [681 NYS2d 184] —Judgment unanimously affirmed. Memorandum: After his judgment of conviction was reversed (*see, People v Hammock*, 182 AD2d 1114), defendant was retried and convicted of four counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and five counts of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [1]-[4]).

We reject the contention of defendant that his retrial was barred because his first conviction was reversed on the ground of prosecutorial misconduct (*see,* CPL 40.30 [3]; 470.20 [1]; *People v Perkins*, 156 AD2d 595, *lv denied* 76 NY2d 740; *People v Putnam*, 150 AD2d 925, 926-927; *see also, People v Adames*, 83 NY2d 89, 93). The prosecutorial misconduct involved does not bar a retrial on the ground of double jeopardy (*see, People v Putnam, supra*, at 926-927).

Supreme Court properly denied after a hearing the motion of defendant to suppress evidence seized during the search of his residence. The record supports the court's determination that the search warrant was amended to correct the street address of the residence in the presence of the issuing Judge before the search warrant was executed (*see, People v Salgado*, 57 NY2d 662, 663, *rearg denied* 57 NY2d 956). The testimony of defendant's wife that a police officer altered the search warrant at her residence presented a credibility issue for the court (*see, People v Williams*, 202 AD2d 976, *lv denied* 83 NY2d 916). The court was free to reject that testimony and to credit the testimony of the People's witnesses. Because of the court's "particular advantage of having seen and heard the witnesses" (*People v Williams, supra*, at 976), the court's determination should not be disturbed.

By failing to challenge the composition of the jury panel before jury selection commenced, defendant is deemed to have waived his objection to the composition of the panel (*see,* CPL 270.10 [2]; *People v Faulk*, 251 AD2d 345). Defendant's *Batson* claim (*Batson v Kentucky*, 476 US 79) lacks merit. The prosecutor proffered sufficient racially neutral reasons for exercising his peremptory challenge to exclude a prospective juror (*see, People v Williams*, 206 AD2d 917, *lv denied* 84 NY2d 911; *People v Craig*, 194 AD2d 687, *lv denied* 82 NY2d 716).