■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY W. HORTON, Appellant. [685 NYS2d 160] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of County Court convicting him following his plea of guilty of felony driving while intoxicated (*see,* Vehicle and Traffic Law § 1192 [2]; § 1193 [1] [c]). He was sentenced to an indeterminate term of incarceration of 1 to 3 years and fined $1,000. Additionally, his driver's license was revoked for one year. On appeal, defendant contends that his sentence is unduly harsh and severe. Defendant's waiver of the right to appeal forecloses review of that contention (*see, People v Hidalgo,* 91 NY2d 733, 737).

Defendant raises several contentions in his *pro se* supplemental brief, each of which is related to his contention that he was denied effective assistance of counsel. The conversations between defendant and defense counsel are outside the record and thus may not be considered on appeal. In any event, the contention that defendant was coerced by defense counsel into pleading guilty is belied by the record. The court clearly and unequivocally told defendant the sentence that he would receive if he pleaded guilty. Defendant further contends that there was no probable cause for the stop of his vehicle. The evidence adduced at the *Huntley* hearing, however, establishes probable cause for the stop. We have considered defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Niagara County Court, Fricano, J.— Felony Driving While Intoxicated.) Present—Denman, P. J., Pine, Pigott, Jr., Callahan and Boehm, JJ.