unanimously affirmed. Memorandum: Defendant contends that his *Alford* plea (*see, North Carolina v Alford,* 400 US 25) should be vacated because the prosecutor failed to articulate on the record the proof that the People intended to offer at trial. By failing to move to withdraw his plea or to vacate the judgment of conviction, defendant failed to preserve that contention for our review (*see, People v Toxey,* 86 NY2d 725, 726, *rearg denied* 86 NY2d 839; *People v Lopez,* 71 NY2d 662, 665; *People v Rice,* 224 AD2d 972, *lv denied* 88 NY2d 883). Moreover, the plea colloquy does not cast significant doubt upon the voluntariness of the plea (*see, People v Lopez, supra,* at 666). Defendant stated that he had discussed the strengths and weaknesses of the People's case at length with his attorney and that he wished to enter a plea to a reduced charge to avoid the possibility of conviction on the charges for which he was indicted. Further, County Court indicated that it had reviewed the Grand Jury minutes and was satisfied that there was a substantial likelihood that defendant would be convicted. (Appeal from Judgment of Ontario County Court, Sirkin, J.—Criminal Mischief, 4th Degree.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Hurlbutt, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY L. WEESE, Appellant. (Appeal No. 1.) [689 NYS2d 892] —Judgment unanimously affirmed (*see, People v Hidalgo,* 91 NY2d 733). (Appeal from Judgment of Orleans County Court, Punch, J.—Criminal Mischief, 3rd Degree.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Hurlbutt, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY L. WEESE, Appellant. (Appeal No. 2.) [689 NYS2d 888] —Judgment unanimously affirmed (*see, People v Hidalgo,* 91 NY2d 733). (Appeal from Judgment of Orleans County Court, Punch, J.—Attempted Burglary, 2nd Degree.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Hurlbutt, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD HOGAN, Appellant. [688 NYS2d 329] —Judgment unanimously affirmed. Memorandum: Defendant contends that the jury verdict is against the weight of the evidence. We disagree. Upon weighing the relative probative force of the conflicting testimony, we conclude that the jury properly gave the evidence the weight it should be accorded (*see, People v Bleakley,* 69 NY2d 490, 495). We also reject the contention that defendant was denied effective assistance of counsel. Although counsel's representation of defendant was not free from error, the evidence, the law and circumstances of this case, viewed in