■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WIGGINS, Appellant. [696 NYS2d 738] —Judgment unanimously affirmed (*see, People v Hidalgo,* 91 NY2d 733). (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Felony Driving While Intoxicated.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARASHAI D. BURTON, Appellant. [696 NYS2d 742] —Judgment unanimously affirmed (*see, People v Hidalgo,* 91 NY2d 733). (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Sexual Abuse, 1st Degree.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DANIELS, Appellant. [696 NYS2d 738] —Judgment unanimously affirmed. Memorandum: Defendant contends that the suppression court erred in denying his suppression motion. We disagree and affirm for reasons stated in the decision at Erie County Court (Perla, J.). We add only that the evidence adduced at the suppression hearing does not support the argument of defendant that he was in custody as a result of being asked to wait while a police officer searched the area for drugs. The officer's request that defendant wait did not result in a significant interruption of defendant's liberty of movement (*see, People v Bora,* 83 NY2d 531, 534). Contrary to defendant's further contention, the evidence is legally sufficient to establish that defendant possessed a controlled substance with intent to sell it (*see, People v Hernandez,* 71 NY2d 233, 245). (Appeal from Judgment of Supreme Court, Erie County, Tills, J.— Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.