■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORAL RICHARD HUFFMAN, Appellant. [718 NYS2d 530] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that his waiver of the right to appeal was not voluntary, knowing and intelligent. The record establishes that County Court ordered a mental examination pursuant to CPL 390.30 (2) as part of the presentence investigation because of the nature of the crime and not because the court was "of the opinion that the defendant may be an incapacitated person" (CPL 730.30 [1]). Nothing in the record suggests that defendant was unable as a result of mental disease or defect to understand the proceedings against him or to assist in his own defense (*see*, CPL 730.10 [1]). To the contrary, defendant's responses to the court's inquiries were at all times appropriate. Defendant acknowledged that he was thinking clearly, that he understood what was transpiring and that he was not on any medication. Furthermore, defense counsel never indicated to the court that defendant was an incapacitated person.

Defendant's waiver of the right to appeal encompasses "all appealable issues of the case * * * except as to those claims which important public policy concerns dictate survive a

bargained-for waiver" (*People v Hidalgo*, 91 NY2d 733, 735-736). By failing to move to withdraw his guilty plea or to vacate the judgment of conviction, defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see, People v Lopez*, 71 NY2d 662, 665). "Defendant's recitation of the facts does not cast significant doubt upon the guilty plea or otherwise call into question the voluntariness of the plea" (*People v Tuszynski*, 270 AD2d 924, *lv denied* 95 NY2d 805), and thus the court was not required to conduct further inquiry before accepting the plea (*see, People v Lopez, supra*, at 66). (Appeal from Judgment of Orleans County Court, Punch, J.—Burglary, 3rd Degree.) Present—Pine, J. P., Hayes, Wisner and Lawton, JJ.