plaintiff treble damages, and awarded plaintiff attorneys' fees under Vehicle and Traffic Law §§ 417 and 417-a. (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Default Judgment.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Kehoe, JJ.

RUTH J. JOHNSON, Respondent, v MCFADDEN FORD, INC., Doing Business as MCFADDEN DEALERSHIPS, Appellant. (Appeal No. 2.) [718 NYS2d 665] —Order unanimously affirmed with costs. Same Memorandum as in *Johnson v McFadden Ford* ([appeal No. 1] 278 AD2d 908 [decided herewith]). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Vacate Judgment.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Kehoe, JJ.

RUTH J. JOHNSON, Respondent, v MCFADDEN FORD, INC., Doing Business as MCFADDEN DEALERSHIPS, Appellant. (Appeal No. 3.) [718 NYS2d 665] —Order unanimously affirmed with costs. Same Memorandum as in *Johnson v McFadden Ford* ([appeal No. 1] 278 AD2d 908 [decided herewith]). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Damages.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Kehoe, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD SCHWAB, Appellant. (Appeal No. 1.) [718 NYS2d 666] —Judgment unanimously affirmed (*see, People v Hidalgo*, 91 NY2d 733, 737). (Appeal from Judgment of Erie County Court, D'Amico, J.—Attempted Robbery, 1st Degree.) Present—Pine, J. P., Hayes, Wisner and Lawton, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD SCHWAB, Appellant. (Appeal No. 2.) [718 NYS2d 671] —Judgment unanimously affirmed (*see, People v Hidalgo*, 91 NY2d 733, 737). (Appeal from Judgment of Erie County Court, D'Amico, J.—Attempted Burglary, 3rd Degree.) Present—Pine, J. P., Hayes, Wisner and Lawton, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT W. BOULEY, Appellant. [718 NYS2d 682] —Judgment unanimously affirmed (*see, People v Hidalgo*, 91 NY2d 733, 737). (Appeal from Judgment of Niagara County Court, Fricano, J.—Attempted Burglary, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner and Lawton, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN COSTNER, Appellant. (Appeal No. 1.) [718 NYS2d 669] —Judgment unanimously affirmed (*see, People v Hidalgo*, 91 NY2d

733, 737). (Appeal from Judgment of Erie County Court, Drury, J.—Attempted Murder, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN COSTNER, Appellant. (Appeal No. 2.) [718 NYS2d 672] —Judgment unanimously affirmed (see, People v Hidalgo, 91 NY2d 733, 737). (Appeal from Judgment of Erie County Court, Drury, J.—Robbery, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN COSTNER, Appellant. (Appeal No. 3.) [718 NYS2d 668] —Judgment unanimously affirmed (see, People v Hidalgo, 91 NY2d 733, 737). (Appeal from Judgment of Erie County Court, Drury, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pine, J. P., Hayes, Wisner and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAUN M. FORD, Appellant. [718 NYS2d 685] —Judgment unanimously affirmed (see, People v Hidalgo, 91 NY2d 733, 737). (Appeal from Judgment of Niagara County Court, Fricano, J.—Attempted Criminal Sale Controlled Substance, 5th Degree.) Present—Pine, J. P., Hayes, Wisner and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORAL RICHARD HUFFMAN, Appellant. [718 NYS2d 530] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that his waiver of the right to appeal was not voluntary, knowing and intelligent. The record establishes that County Court ordered a mental examination pursuant to CPL 390.30 (2) as part of the presentence investigation because of the nature of the crime and not because the court was "of the opinion that the defendant may be an incapacitated person" (CPL 730.30 [1]). Nothing in the record suggests that defendant was unable as a result of mental disease or defect to understand the proceedings against him or to assist in his own defense (see, CPL 730.10 [1]). To the contrary, defendant's responses to the court's inquiries were at all times appropriate. Defendant acknowledged that he was thinking clearly, that he understood what was transpiring and that he was not on any medication. Furthermore, defense counsel never indicated to the court that defendant was an incapacitated person.

Defendant's waiver of the right to appeal encompasses "all appealable issues of the case * * * except as to those claims which important public policy concerns dictate survive a