■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY CLENDINEN, Appellant. [770 NYS2d 862]—

Judgment, Supreme Court, Bronx County (William Donnino, J.), rendered June 17, 2002, convicting defendant, upon his plea of guilty, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's motion to withdraw his guilty plea, after affording defendant sufficient opportunity to present his claims. The court

was thoroughly familiar with the proceedings, including the plea allocution, and the record supports its finding that defendant's claims were unfounded (*see e.g. People v Frederick*, 45 NY2d 520 [1978]; *People v Clendinen*, 240 AD2d 298 [1997], *lv denied* 90 NY2d 903 [1997]).

Defendant was not deprived of his rights to effective assistance of counsel and conflict-free representation by a statement made by counsel during sentencing, since counsel, in his statement, did not act as a witness against defendant and did not take a position adverse to defendant's plea withdrawal motion, which the court had already decided (*see People v Burgos*, 298 AD2d 190 [2002], *lv denied* 99 NY2d 580 [2003]).

Defendant knowingly and intelligently waived his right to appeal, and this waiver encompassed his excessive sentence claim (*see People v Hidalgo*, 91 NY2d 733 [1998]). Therefore, defendant "elect[ed] to foreclose review of [his] negotiated sentence" (*People v Seaberg*, 74 NY2d 1, 10 [1989]). In any event, were we to find that defendant did not validly waive his right to appeal, we would perceive no basis for reducing the sentence. Concur—Tom, J.P., Mazzarelli, Saxe and Marlow, JJ.