■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC HILL, Appellant. [805 NYS2d 823]—

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.,

at plea; John P. Collins, J., at sentence), rendered June 19, 2003, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 2 to 6 years, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

Defendant knowingly and intelligently waived his right to appeal, and this waiver encompassed his excessive sentence claim (*People v Hidalgo*, 91 NY2d 733 [1998]; *People v Seaberg*, 74 NY2d 1, 9-10 [1989]). In any event, were we to find that defendant did not validly waive his right to appeal, we would perceive no basis for reducing the sentence.

As the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]) providing for the imposition of a DNA databank fee, that fee should not have been imposed. Since this issue involves the substantive legality of the sentence, it survives defendant's waiver of his right to appeal. Concur—Saxe, J.P., Marlow, Williams, Catterson and Malone, JJ.