*Griffin*, 24 AD3d 972 [2005], *lv denied* 6 NY3d 834 [2006]; *People v Zabala*, 290 AD2d 578, 580 [2002], *lv denied* 97 NY2d 735 [2002]; *People v Wade*, 232 AD2d 290 [1996], *lv denied* 89 NY2d 989 [1997]). Contrary to defendant's further contention, the verdict is not against the weight of the evidence with respect to assault in the second degree (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We further reject the contention of defendant that he was denied effective assistance of counsel based on, inter alia, defense counsel's failure to request that assault in the third degree be charged as a lesser included offense of assault in the second degree. "There is no reasonable view of the evidence that would support a finding that defendant committed the lesser offense but not the greater offense" (*People v Hatten*, 28 AD3d 1247, 1247 [2006]). Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Green and Hayes, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL McCLAIN, Appellant. [815 NYS2d 873]—Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered April 8, 2004. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "Great deference is accorded to the jury's resolution of credibility issues . . . , and it cannot be said herein that the jury failed to give the evidence the weight it should be accorded" (*People v McKinnon*, 15 AD3d 842, 842 [2005], *lv denied* 4 NY3d 888 [2005]). The sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Green and Hayes, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY C. PLUMP, Appellant. [815 NYS2d 873]—Appeal from a