■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL W. MARVIN, Appellant. (Appeal No. 1.) [859 NYS2d 883]— Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered October 7, 2004. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree, rape in the third degree and sexual misconduct.

It is hereby ordered that the judgment so appealed from is unanimously affirmed (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Martoche, J.P., Centra, Lunn, Fahey and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL W. MARVIN, Appellant. (Appeal No. 2.) [859 NYS2d 890]— Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered October 7, 2004. The judgment convicted defendant, upon his plea of guilty, of attempted sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Martoche, J.P., Centra, Lunn, Fahey and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD WASHINGTON, Appellant. [859 NYS2d 883]—Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered February 9, 2007. The judgment convicted defendant, upon his plea of guilty, of murder in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]). Contrary to the contention of defendant, his waiver of the right to appeal was voluntarily, knowingly, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Cox*, 39 AD3d 1181 [2007]; *People v Gilbert*, 17 AD3d 1164 [2005], *lv denied* 5 NY3d 762 [2005]). That valid waiver encompasses the challenge by defendant to Supreme Court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Dean*, 48 AD3d 1244 [2008]; *People v Boose*, 38 AD3d 1259 [2007]), as well as his challenge to the severity of the bargained-for sentence (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Martoche, J.P., Centra, Lunn, Fahey and Pine, JJ.