■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN FARRARA, Appellant. [42 NYS3d 915]—Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered October 23, 2014. The judgment convicted defendant, upon his plea of guilty, of rape in the third degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of rape in the third degree (Penal Law § 130.25 [2]). Contrary to defendant's contention, we conclude that " '[t]he plea colloquy and the written waiver of the right to appeal signed [and acknowledged in court] by defendant demonstrate that [he] knowingly, intelligently and voluntarily waived the right to appeal' " (*People v Kesick*, 119 AD3d 1371, 1372 [2014]). Defendant's valid waiver forecloses his challenge to the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 256 [2006]). Present—Smith, J.P., DeJoseph, Curran and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE JOHNSON, Appellant. [42 NYS3d 916]—Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered November 25, 2014. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). Contrary to defendant's contention, the record establishes that he knowingly, voluntarily, and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256 [2006]), and that valid waiver forecloses any challenge by defendant to the severity of the sentence (*see id.* at 255; *see generally People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Smith, J.P., DeJoseph, Curran and Scudder, JJ.