■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE D. HIGGINS, Appellant. [53 NYS3d 857]—Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered June 18, 2015. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Contrary to defendant's contention, the record establishes that his waiver of the right to appeal was knowing, intelligent, and voluntary (*see People v Lopez*, 6 NY3d 248, 256 [2006]), and we conclude that the valid waiver encompasses his challenge to the severity of the sentence (*see id.* at 255-256; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Centra, J.P., Lindley, DeJoseph, NeMoyer and Troutman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHASE WALKER, Appellant. [53 NYS3d 855]—Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered January 29, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that his waiver of the right to appeal does not encompass his challenge to the severity of the sentence. Specifically, defendant contends that Supreme Court's colloquy was insufficient to ensure that defendant understood all of the rights he was waiving. Contrary to defendant's contention, the record establishes that defendant knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256 [2006]). Defendant's valid waiver of the right to appeal, which specifically included a waiver of the right to challenge the "severity of any sentence," encompasses his contention that the sentence imposed is unduly harsh and severe (*see id.* at 255-256; *People v Hidalgo*, 91 NY2d 733, 737 [1998]; *cf. People v Maracle*, 19 NY3d 925, 928 [2012]). Present—Centra, J.P., Lindley, DeJoseph, NeMoyer and Troutman, JJ.