People v Rives (2018 NY Slip Op 00757)





People v Rives


2018 NY Slip Op 00757


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, TROUTMAN, AND WINSLOW, JJ.


1476 KA 16-01984

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CAMERON S. RIVES, DEFENDANT-APPELLANT. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT.


 Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered January 19, 2016. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of burglary in the first degree (Penal Law § 140.30 [2]), defendant contends that County Court abused its discretion in failing to adjudicate him a youthful offender. We reject that contention.
Initially, even assuming, arguendo, that defendant's challenge to the denial of his request for a youthful offender adjudication survives his waiver of the right to appeal because the court indicated during the waiver that it would permit defense counsel to argue for such an adjudication at sentencing (see generally People v Scott, 137 AD3d 1616, 1616 [4th Dept 2016], lv denied 27 NY3d 1139 [2016]), we reject that challenge. The record establishes that the four perpetrators invaded the home while the victims, including several small children, were present, and they then pistol-whipped the adult male victim, bound the adult female victim and urinated on her, stole property, and threatened to kill the family. Notwithstanding his later protestations of minimal participation, defendant admitted that he knew that a robbery was planned, and that he drove the three codefendants to the victims' home, took part in the crime, and retained his share of the proceeds. Thus, we see no abuse of discretion in the court's denial of youthful offender status.
Defendant's challenge to the severity of the sentence is encompassed by his valid waiver of the right to appeal (see People v
Hidalgo, 91 NY2d 733, 737 [1998]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court