People v Yazzie (2018 NY Slip Op 02968)





People v Yazzie


2018 NY Slip Op 02968


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND TROUTMAN, JJ.


432 KA 16-01260

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VALVANO YAZZIE, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered June 8, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sexual act in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal sexual act in the first degree (Penal Law §§ 110.00, 130.50 [2]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]). The two pleas were entered in a single plea proceeding. With respect to both appeals, defendant contends that the waiver of the right to appeal is not valid. We reject that contention and conclude that Supreme Court engaged defendant "in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Marshall, 144 AD3d 1544, 1545 [4th Dept 2016] [internal quotation marks omitted]). The valid waiver of the right to appeal forecloses our review of defendant's contention that the sentence in each appeal is unduly harsh and severe (see generally People v Lopez, 6 NY3d 248, 255 [2006]; People v Hidalgo, 91 NY2d 733, 737 [1998]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court