People v DeWitt (2018 NY Slip Op 07866)





People v Dewitt


2018 NY Slip Op 07866


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, CURRAN, AND TROUTMAN, JJ.


1126 KA 15-01593

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICHARD L. DEWITT, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), entered July 1, 2015. The judgment convicted defendant, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [i]) and misdemeanor driving while intoxicated (§§ 1192 [3]; 1193 [1] [b] [i]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of reckless endangerment in the first degree (Penal Law § 120.25). The pleas were taken during one proceeding. Contrary to defendant's contention in both appeals, he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Rodriguez, 156 AD3d 1433, 1433 [4th Dept 2017], lv denied 30 NY3d 1119 [2018]). That waiver encompasses defendant's challenges in both appeals to the factual sufficiency of the plea allocution (see Rodriguez, 156 AD3d at 1434), and the severity of the sentence (see People v Hidalgo, 91 NY2d 733, 737 [1998]). Contrary to defendant's further contention in both appeals, he voluntarily, knowingly, and intelligently waived participation in the shock incarceration program (see generally Correction Law § 865; Lopez, 6 NY3d at 256).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court