People v Clayton (2019 NY Slip Op 00717)





People v Clayton


2019 NY Slip Op 00717


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


48 KA 18-00490

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAMONE M. CLAYTON, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered December 18, 2017. The judgment convicted defendant, upon her plea of guilty, of attempted murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her upon her plea of guilty of attempted murder in the second degree (Penal Law
§§ 110.00, 125.25 [1]), defendant contends that her waiver of the right to appeal is invalid. We reject that contention inasmuch as "Supreme Court did not improperly conflate the waiver of the right to appeal with those rights automatically forfeited by a guilty plea . . . and the court engaged defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Flinn, 162 AD3d 1761, 1761 [4th Dept 2018], lv denied 32 NY3d 1003 [2018] [internal quotation marks omitted]). Defendant's valid waiver of the right to appeal encompasses her contention that the sentence is unduly harsh and severe (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Hidalgo, 91 NY2d 733, 737 [1998]; cf. People v Maracle, 19 NY3d 925, 928 [2012]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court