People v Sinclair (2019 NY Slip Op 01928)





People v Sinclair


2019 NY Slip Op 01928


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department



248 KA 18-00940

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DONALD M. SINCLAIR, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered January 16, 2018. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that his waiver of the right to appeal is invalid. We reject that contention inasmuch as "Supreme Court did not improperly conflate the waiver of the right to appeal with those rights automatically forfeited by a guilty plea . . . and the court engaged defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Flinn, 162 AD3d 1761, 1761 [4th Dept 2018], lv denied 32 NY3d 1003 [2018] [internal quotation marks omitted]). Defendant's valid waiver of the right to appeal encompasses his contention that the sentence is unduly harsh and severe (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Hidalgo, 91 NY2d 733, 737 [1998]; cf. People v Maracle, 19 NY3d 925, 928 [2012]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court