People v Watson (2019 NY Slip Op 05944)





People v Watson


2019 NY Slip Op 05944


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


749 KA 17-01857

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIC M. WATSON, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Michael F. Pietruszka, A.J.), rendered September 26, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the second degree and criminal possession of a weapon in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal sexual act in the second degree (Penal Law § 130.45 [2]) and criminal possession of a weapon in the fourth degree (§ 265.01 [1]), defendant contends that his waiver of the right to appeal is not valid. We reject that contention. County Court advised defendant of the maximum sentence that could be imposed (see People v Lococo, 92 NY2d 825, 827 [1998]), and the record, which includes an oral and written waiver of the right to appeal, establishes that defendant understood that he was waiving his right to appeal both the conviction and the sentence. We thus conclude that the waiver of the right to appeal was knowing, intelligent, and voluntary (see generally People v Lopez, 6 NY3d 248, 256 [2006]), and that valid waiver encompasses defendant's contention concerning the severity of the sentence (see id. at 255; People v Hidalgo, 91 NY2d 733, 737 [1998]).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court