People v Stevenson (2019 NY Slip Op 08085)





People v Stevenson


2019 NY Slip Op 08085


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1075 KA 17-02142

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHANE STEVENSON, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SHANE STEVENSON, DEFENDANT-APPELLANT PRO SE.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered May 3, 2017. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of murder in the second degree (Penal Law § 125.25 [1]) arising from the fatal strangulation of his girlfriend and her 7-year-old son. We reject defendant's contention in his main and pro se supplemental briefs that his waiver of the right to appeal is invalid. During the plea colloquy, Supreme Court provided defendant with "an extensive and detailed description of the proposed waiver of the right to appeal before securing his consent thereto" (People v Thomas, 158 AD3d 1191, 1191 [4th Dept 2018], lv denied 31 NY3d 1088 [2018]), and we conclude that "the record establishes that defendant understood that he was waiving his right to appeal both the conviction and the sentence" (People v Williams, 160 AD3d 1470, 1471 [4th Dept 2018]; see People v Watson, 174 AD3d 1541, 1541 [4th Dept 2019]). Although defendant did not know the specific sentence that would be imposed at the time of the waiver, the court advised him of the maximum sentence that could be imposed (see People v Lococo, 92 NY2d 825, 827 [1998]). We thus conclude that defendant's waiver of the right to appeal was knowing, intelligent, and voluntary (see generally People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]). That valid waiver of the right to appeal encompasses defendant's challenge in his main and pro se supplemental briefs to the severity of the sentence (see Lococo, 92 NY2d at 827; People v Hidalgo, 91 NY2d 733, 737 [1998]).
We reject defendant's further contention in his pro se supplemental brief that the imposition of consecutive sentences was illegal. Although that contention survives the valid waiver of the right to appeal (see People v McLellan, 82 AD3d 1668, 1669 [4th Dept 2011]), the imposition of consecutive sentences was permissible here because defendant committed two separate and distinct homicidal acts (see generally People v McKnight, 16 NY3d 43, 48-50 [2010]).
We have considered the remaining contention in defendant's pro se supplemental brief and conclude that it does not require reversal or modification of the judgment.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court