People v Taylor (2021 NY Slip Op 01918)





People v Taylor


2021 NY Slip Op 01918


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


321 KA 19-01759

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CYNTHIA TAYLOR, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






RYAN JAMES MULDOON, AUBURN, FOR DEFENDANT-APPELLANT. 
TODD J. CASELLA, DISTRICT ATTORNEY, PENN YAN (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Yates County Court (Jason L. Cook, J.), rendered April 2, 2019. The judgment convicted defendant upon a plea of guilty of welfare fraud in the fifth degree and offering a false instrument for filing in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting her upon her plea of guilty of welfare fraud in the fifth degree (Penal Law § 158.05) and two counts of offering a false instrument for filing in the first degree (§ 175.35 [1]). In appeal No. 2, she appeals from a judgment convicting her upon a plea of guilty of two counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]), and one count each of criminal sale of a controlled substance in the third degree (§ 220.39 [1]) and criminal nuisance in the first degree (§ 240.46). The two pleas were entered in a single plea proceeding. In both appeals, defendant contends that her waiver of the right to appeal is invalid and that the sentences are unduly harsh and severe. The record establishes that the oral colloquy, together with the written waiver of the right to appeal, was adequate to ensure that defendant's waiver of the right to appeal was made knowingly, intelligently, and voluntarily (see People v Thomas, 34 NY3d 545, 564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Lopez, 6 NY3d 248, 256 [2006]), and that valid waiver forecloses her challenge to the severity of the sentences (see Lopez, 6 NY3d at 255; People v Hidalgo, 91 NY2d 733, 737 [1998]).
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court