People v Reed
2026 NY Slip Op 04062
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AUBREY REED, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
292 KA 24-01580
Present: Lindley, J.P., Curran, Ogden, Nowak, And Delconte, JJ.

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
KELLY C. WOLFORD, ACTING DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered August 1, 2024. The judgment convicted defendant upon a guilty plea of criminal possession of a controlled substance in the third degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that his waiver of the right to appeal is invalid and that the postrelease supervision component of his sentence is unduly harsh and severe. The record establishes that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Blount, 239 AD3d 1426, 1427 [4th Dept 2025], lv denied 44 NY3d 981 [2025]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied 589 US 1302 [2020]), and that waiver encompasses his challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Hidalgo, 91 NY2d 733, 737 [1998]).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court