■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME SMITH, Appellant. [656 NYS2d 348] —Appeal by the defendant from a judgment of the County Court, Nassau County (Jonas, J.), rendered February 2, 1995, convicting him of burglary in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by the defendant to law enforcement officials, physical evidence, and identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

It is well settled that the factual findings and credibility determinations of the hearing court are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (see, People v Prochilo, 41 NY2d 759; People v Rose, 204 AD2d 745). We find that the hearing minutes support the court's denial of those branches of the defendant's omnibus motion which were to suppress statements made by the defendant to law enforcement officials, physical evidence, and identification testimony (see, People v Norris, 122 AD2d 82, 83).

The defendant contends he was not properly adjudicated a second violent felony offender. At sentencing, when the clerk

informed the defendant that the District Attorney had filed a second violent felony offender statement, the defense counsel responded "[my] client indicates that he doesn't have a recollection of it, so he stands mute". Consequently, the defendant did not preserve for appellate review any issue with respect thereto (*see, e.g., People v Jones,* 183 AD2d 471). We further find that the sentence imposed upon the defendant was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.