■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD G. MORAN, Appellant. [667 NYS2d 297] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered March 3, 1995, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of murder in the second degree for stabbing a man to death on July 10, 1994. He contends, *inter alia,* that, he had not waived his *Miranda* rights because, although he acknowledged that he understood his *Miranda* rights, he did not reply when asked if he was willing to answer any questions without an attorney.

"It is well established that the question of whether a defendant had effectively waived the *Miranda* rights must be determined on 'the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused' " (*People v Griffin,* 186 AD2d 820, citing *North Carolina v Butler,* 441 US 369, 374-375). The uncontradicted testimony of the investigators established that no threats, coercion, or pressure of any kind was used against the defendant, a persistent felon, and that he made an informed decision to speak when he told them that he understood his rights and knew that he could have a lawyer present, but did not request an attorney. Each time the defendant told the

investigators that he wanted "[n]o more questions", the investigators stopped asking questions. The defendant would eventually initiate the conversation again after a very brief period of time, but the conversation was never initiated by questions posed by the investigators. Under the circumstances, we find that the defendant waived his *Miranda* rights.

The defendant's remaining contention is without merit. O'Brien, J. P., Joy, Friedmann and Goldstein, JJ., concur.