■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL TOYE, Appellant. [695 NYS2d 106] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Minardo, J.), rendered May 14, 1996, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

"[W]here no larger societal interests or public policy concerns are implicated, an unrestricted waiver of the right to appeal, knowingly, voluntarily and intelligently made, will bar consideration of a future appellate claim despite the fact that, at the time the appeal waiver was exacted, the defendant had not expressly waived every potential claim or available defense" (*People v Muniz,* 91 NY2d 570, 574; *People v Hidalgo,* 91 NY2d 733). "[T]rial courts are not required to engage in any particular litany during an allocution in order to obtain a valid guilty plea in which defendant waives a plethora of rights" (*People v Moissett,* 76 NY2d 909, 910-911; *People v Hidalgo, supra,* at 737).

As a condition to, and an integral part of the negotiated plea,

the defendant expressly withdrew his motions and waived his right to appeal "any portion of this criminal proceeding". He did so on the record during a thorough allocution in which he informed the court that he had arrived at his decision after fully consulting with his attorney, and that he understood the rights he was waiving.

Accordingly, we conclude that the defendant knowingly, voluntarily, and intelligently waived his right to review of any and all aspects of his conviction (*see, People v Hidalgo, supra*; *People v Allen,* 82 NY2d 761; *People v Earnshaw,* 262 AD2d 579; *People v Sebastian,* 197 AD2d 647; *People v Gary,* 179 AD2d 821).

In view of our determination, we do not reach the merits of the defendant's claims. S. Miller, J. P., O'Brien, Friedmann and Florio, JJ., concur.