■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY MILGROM, Appellant. [721 NYS2d 777] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered December 18, 1995, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

It is well established that "where the plea allocution demonstrates a knowing, voluntary and intelligent waiver of the right to appeal, intended comprehensively to cover all aspects of the case, and no constitutional or statutory mandate or public policy concern prohibits its acceptance, the waiver will be upheld completely even if the underlying claim has not yet reached full maturation" (*People v Muniz,* 91 NY2d 570, 575). Moreover, trial courts are not required to engage in any particular litany during an allocution in order to obtain a valid plea of guilty in which the defendant waives a plethora of rights (*see, People v Moissett,* 76 NY2d 909, 910-911).

The defendant voluntarily, knowingly, and intelligently waived his right to appeal as part of a plea bargain. During the plea allocution, the court specifically told the defendant that he was giving up the right to appeal from the judgment as well as the adverse suppression ruling. Thus, there was a valid waiver of the right to appeal, which encompassed the denial of the suppression motion (*see, People v Kemp,* 94 NY2d 831; *People v Williams,* 36 NY2d 829, *cert denied* 423 US 873). Since the suppression issue is the only issue raised on appeal, the judgment of conviction must be affirmed (*see, People v Callahan,* 80 NY2d 273, 283-285). Krausman, J. P., Goldstein, Luciano and Feuerstein, JJ., concur.