■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO NIEVES, Appellant. [735 NYS2d 135] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered May 30, 2000, convicting him of criminal contempt in the first degree and criminal contempt in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant voluntarily, knowingly, and intelligently waived his right to appeal as part of his plea bargain (*see, People v Kemp,* 94 NY2d 831; *People v Milgrom,* 281 AD2d 492). Furthermore, the record does not support the defendant's contention that he sought to withdraw his plea at the sentencing. Accordingly, his contention that the sentencing court erred in failing to make further inquiry into the efficacy of his plea of guilty is unpreserved for appellate review, as is his contention regarding his sentence (*see, People v Lopez,* 71 NY2d 662; *People v Sierra,* 256 AD2d 598). Santucci, J. P., Altman, Townes and Crane, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO OZUAL, Also Known as BUIYAN, Appellant. [734 NYS2d 567] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered June 6, 2000, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred in denying his motion to withdraw his plea without making further inquiry into the merits of his claims. In fact, the defendant did not move to withdraw his plea. Moreover, his claim at sentencing that his plea was entered involuntarily is belied by the record (*see, People v Charles,* 256 AD2d 472). Under the facts of this case, it cannot be said that the defendant's plea, as a matter of law, was unintelligent or involuntary and, therefore, constitutionally deficient (*see, People v Harris,* 61 NY2d 9).

The defendant waived his right to appeal from the remaining issue raised (*see, People v Allen,* 82 NY2d 761). Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.