■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WYKEME CORKER, Also Known as WYKEME COOPER, Appellant. [765 NYS2d 660] —Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered August 10, 2000, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly

unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's contention, the trial court properly admitted, as an excited utterance, the stabbing victim's out-of-court statement identifying the defendant as his assailant. Whether a statement falls within the excited utterance exception to the hearsay rule is a determination to be made, in the first instance, by the trial court after consideration of all the circumstances (*see People v Brown,* 70 NY2d 513, 519-520 [1987]; *People v Edwards,* 47 NY2d 493, 497 [1979]; *People v Caviness,* 38 NY2d 227, 231 [1975]). Under the circumstances of this case, where the victim made the statement while under the influence of nervous excitement caused by his life-threatening injury and at a time when he was incapable of reasoned reflection and deliberation, the trial court properly admitted the statement as an excited utterance (*see People v Fratello,* 92 NY2d 565, 570 [1998], *cert denied* 526 US 1068 [1999]; *People v Caviness, supra).*

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are unpreserved for appellate review or without merit. Prudenti, P.J., Smith, Friedmann and H. Miller, JJ., concur.