■ The People of the State of New York, Respondent, v Rene Matos, Appellant. [800 NYS2d 513]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered October 22, 2003, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant did not seek to withdraw his plea of guilty before he was sentenced so as to preserve his claim that his plea was not intelligently, voluntarily, and knowingly made (*see People v Lopez,* 71 NY2d 662 [1988]; *People v Hull,* 300 AD2d 411 [2002]; *People v Harris,* 291 AD2d 458 [2002]; *People v Nieves,* 289 AD2d 342 [2001]). Further, the defendant's valid and unrestricted waiver of the right to appeal precludes appellate review of his claim that the sentence imposed was excessive (*see People v Hidalgo,* 91 NY2d 733 [1998]; *People v Headley,* 289 AD2d 341 [2001]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Florio, J.P., H. Miller, Cozier and Spolzino, JJ., concur.

■ The People of the State of New York, Respondent, v Pedro Rodriguez, Appellant. [800 NYS2d 513]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (DiMango, J.), rendered December 11, 2001, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.