■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GUZMAN, Appellant. [804 NYS2d 410]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Resnik, J.), rendered June 28, 2002, convicting him of criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in seventh degree (two counts), criminally using drug paraphernalia in the second degree, resisting arrest, and driving while ability impaired by drugs, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a

hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the People established that the police had probable cause to search his car. Following a lawful traffic stop, a State Trooper observed a glassine envelope on the floor of the car, which, based on his training and field experience, he believed contained heroin. In addition, the conduct of the defendant and his passenger, coupled with the defendant's inability to produce a registration or a rental agreement, supported the finding of probable cause (*see People v Yancy*, 86 NY2d 239, 245 [1995]; *People v Rives*, 237 AD2d 312, 313 [1997]; *People v Baldanza*, 138 AD2d 722, 724 [1988]). Accordingly, the hearing court properly denied suppression of the gun, drugs, and drug paraphernalia found in the defendant's car, and the drugs found on his person upon his arrest.

The hearing court also properly denied suppression of the defendant's statements on the ground that they were involuntarily made. The evidence established that the defendant waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]; *People v Moran*, 246 AD2d 607 [1998]), and that his injuries did not interfere with his ability to intelligently respond to the State Trooper's questions (*see People v Frejomil*, 184 AD2d 524 [1992]). The defendant's remaining contention, that the State Trooper was required to readminister the *Miranda* warnings before questioning him, is unpreserved for appellate review and, in any event, is without merit, because the defendant was continuously in custody and answered questions within a reasonable period of time after being read the warnings (*see People v Myers*, 17 AD3d 699 [2005], *lv denied* 5 NY3d 766 [2005]).

The defendant did not preserve for appellate review his challenge to the procedure pursuant to which he was sentenced as a persistent violent felony offender and, in any event, any error was harmless (*see People v Bouyea*, 64 NY2d 1140, 1142 [1985]; *People v Alston*, 289 AD2d 339 [2001]). Prudenti, P.J., S. Miller, Spolzino and Dillon, JJ., concur.