■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMY SAMPSON, Appellant. [818 NYS2d 144]—

Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered May 26, 2005, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court providently exercised its discretion in denying the defendant's request at sentencing to vacate his plea or, alternatively, for an adjournment to prepare a motion to vacate his plea (*see People v White,* 213 AD2d 507 [1995]). Although given the opportunity to do so, the defendant did not present the trial court with any grounds at sentencing for withdrawing the plea or granting the adjournment.

The defendant's present challenges to the sufficiency of his plea are unpreserved for appellate review. In any event, the contentions are without merit. The trial court properly allocuted the defendant as to the elements of assault in the second degree (*see* Penal Law § 120.05 [1]) and was not required to engage in a particular litany during the allocution to obtain a valid plea (*see People v Milgrom,* 281 AD2d 492, 493 [2001]; *People v Toye,* 264 AD2d 401 [1999]).

The defendant's challenge to the predicate violent felony statement is unpreserved for appellate review (*see e.g. People v Smith,* 238 AD2d 451 [1997]; *People v Jackson,* 151 AD2d 781 [1989]). In any event, the challenge is without merit. Where, as here, "the statutory purposes for filing a predicate statement

(i.e., apprising the court of the prior conviction and affording defendant notice and an opportunity to be heard in connection with the predicate felony) are satisfied, strict compliance with [Criminal Procedure Law § 400.15] is not required" (*People v Carmello*, 114 AD2d 965 [1985]). The record demonstrates that the defendant was aware that the court was considering his previous conviction of manslaughter in the first degree, and knew that he was being sentenced as a prior violent felony offender (*see People v Jackson, supra*). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.