■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNESTO LOPEZ, Appellant. [854 NYS2d 500]—

The trial court conducted a sufficient inquiry regarding the basis of the defendant's request for new counsel. No further investigation was required because his conclusory assertions did not suggest a serious possibility of irreconcilable conflict with defense counsel (*see People v Stevenson*, 36 AD3d 634 [2007]; *People v Moore*, 228 AD2d 622 [1996]). Contrary to the defendant's assertions, the prosecutor disclosed all relevant documents pursuant to *People v Rosario* (9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) and *Brady v Maryland* (373 US 83 [1963]), and defense counsel was in possession of them at trial.

The defendant was not deprived of his statutory right to a speedy trial. The court properly excluded from the time chargeable to the People the period in which the court was reviewing the grand jury minutes (*see* CPL 30.30 [4] [a]). Furthermore, the defendant failed to demonstrate that the remarks by the prosecutor had "a decided tendency to prejudice the jury" (*People v Halm*, 81 NY2d 819, 821 [1993] [internal quotation marks omitted]; *see People v Ashwal*, 39 NY2d 105, 110 [1976]). Her comments, viewed in the context of the entire trial, fell within the latitude afforded to attorneys in advocating their cause (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Ashwal*, 39 NY2d 105, 110 [1976]).

The defendant's challenge to the procedure pursuant to which

he was sentenced as a persistent violent felony offender is unpreserved for appellate review (*see People v Bouyea*, 64 NY2d 1140, 1142 [1985]; *People v Sampson*, 30 AD3d 623 [2006]; *People v Guzman*, 23 AD3d 579, 580 [2005]). In any event, the challenge is without merit. The statutory purposes for the preliminary examination (*see* CPL 400.15 [3]) were satisfied (*cf. People v Bouyea*, 64 NY2d 1140, 1142 [1985]; *People v Sampson*, 30 AD3d 623, 623-624 [2006]). The defendant was aware that the sentencing court was considering his four previous felonies and knew that he was being sentenced as a persistent violent felony offender (*see People v Sampson*, 30 AD3d 623, 624 [2006]). When given an opportunity to speak at the sentencing hearing, the defendant asked the court to not consider his prior convictions with regard to his present sentence. Thus, remitting the matter to the sentencing court for resentencing "would be futile and pointless" (*People v Bouyea*, 64 NY2d 1140, 1142 [1985]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.