■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ALEXANDER, Appellant. [857 NYS2d 165]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered January 24, 2005, convicting him of assault in the first degree and criminal contempt in the first degree (11 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The complainant testified that on January 31, 2004 the defendant came to her apartment and, after an argument about her new boyfriend, beat her in the face and head, first with a

baseball bat, then with his fists. As a result, the complainant is now blind in her right eye and, at the time of the trial, was still suffering from headaches from fractures to her skull.

The defendant correctly contends that the prosecutor engaged in misconduct during her summation by, among other things, repeatedly vouching for the veracity of the People's witnesses and implying that, in order to acquit the defendant, the jury would have to find that the complainant and other witnesses lied (see People v Bailey, 58 NY2d 272, 277 [1983]; People v Paperno, 54 NY2d 294, 300-301 [1981]; People v Bull, 218 AD2d 663, 665 [1995]). The court's prompt curative instructions, where the remarks were objected to, were sufficient to mitigate any possible prejudice (see People v Thomas, 8 AD3d 303 [2004]; People v DeFigueroa, 182 AD2d 772, 773 [1992]). Moreover, the error was harmless (see People v Crimmins, 36 NY2d 230, 242 [1975]; People v Adamo, 309 AD2d 808, 809 [2003]; People v Diaz, 239 AD2d 518, 519 [1997]).

The defendant's challenges to the prosecutor's questioning of him during cross-examination are unpreserved for appellate review and, in any event, the questions either were not improper, or were harmless (see People v Crimmins, 36 NY2d 230 [1975]).

The defendant also contends that the court committed reversible error by admitting the contents of a tape of a telephone call to the 911 emergency number under the excited utterance exception to the hearsay rule. While, contrary to the People's contention, the issue is preserved for appellate review (see CPL 470.05 [2]; People v Albanese, 88 AD2d 603 [1982]), there is no merit to the defendant's argument. Under the circumstances as testified to by the complainant, the court providently exercised its discretion in determining that the 911 call was "the product of the declarant's exposure to a startling or upsetting event that [was] sufficiently powerful to render the observer's normal reflective processes inoperative preventing the opportunity for deliberation and fabrication" (People v Carroll, 95 NY2d 375, 385 [2000] [internal quotation marks and citation omitted]; see People v Edwards, 47 NY2d 493, 497 [1979]; People v Hasan, 17 AD3d 482 [2005]; People v Corker, 309 AD2d 816, 817 [2003]).

With regard to his conviction of 11 counts of criminal contempt in the first degree, the defendant contends that, because there was no credible evidence that he intended to harass, annoy, threaten, or alarm the complainant when he made hundreds of telephone calls to her in violation of an order of protection in effect at the time, the People failed to establish his guilt by legally sufficient evidence. We disagree. "Intent may

be inferred from conduct as well as the surrounding circumstances" (*People v Steinberg*, 79 NY2d 673, 682 [1992]; *see People v Smith*, 79 NY2d 309, 315 [1992]; *People v Bracey*, 41 NY2d 296, 301 [1977]). Here, the jury could reasonably infer the requisite element of intent from the defendant's conduct, including his earlier attack that resulted, among other things, in the victim being blinded in one eye, and his calling the victim approximately 435 times during the five months in question (*see People v Tomasky*, 36 AD3d 1025, 1026 [2007]; *People v Squires*, 308 AD2d 553, 554 [2003]). Thus, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of 11 counts of criminal contempt in the first degree.

The verdict was also supported by the weight of the evidence. Resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Although the defendant testified that he had no intent to harass, annoy, threaten, or alarm the complainant, and that he thought the complainant wanted him to call her, the jury clearly found his testimony not credible and rejected his testimony, as it was entitled to do (*see People v Tomasky*, 36 AD3d at 1026).

The sentence imposed was not excessive (*see People v White*, 192 AD2d 736, 737 [1993]; *People v Suitte*, 90 AD2d 80, 83 [1982]). Mastro, J.P., Rivera, Balkin and Dickerson, JJ., concur.