# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

97

KA 09-01189

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WILLIE L. WRAGG, DEFENDANT-APPELLANT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered February 25, 2009. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of sexual abuse in the first degree (Penal Law § 130.65 [3]). Contrary to defendant's contention, we conclude that, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant's contention is based primarily upon his challenge to the credibility of the victim, and there is no basis in the record before us to disturb the jury's credibility determinations (*see People v Johnson*, 94 AD3d 1563, 1564, *lv denied* 19 NY3d 962; *People v Ellison*, 302 AD2d 955, 955, *lv denied* 99 NY2d 654).

Defendant further contends that he was denied effective assistance of counsel because, inter alia, defense counsel failed to object to an investigator's testimony that constituted "inferential bolstering" of the victim's pretrial identification of defendant and because defense counsel asked questions during jury selection concerning the victim's pretrial identification. We reject that contention. With respect to the alleged inferential bolstering, we conclude that the investigator's passing reference to the victim's pre-arrest identification of "the individual" did not constitute improper bolstering inasmuch as it was "offered for the relevant, nonhearsay purpose of explaining the investigative process and completing the narrative of events leading to the defendant's arrest" several days later (*People v Rosario*, 100 AD3d 660, 661, *lv denied* 20

NY3d 1065; *see People v Perry*, 62 AD3d 1260, 1261, *lv denied* 12 NY3d 919; *People v Mendoza*, 35 AD3d 507, 507, *lv denied* 8 NY3d 987).  The failure to make an objection that has "little or no chance of success" does not constitute ineffective assistance of counsel (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702; *see People v Dashnaw*, 37 AD3d 860, 863, *lv denied* 8 NY3d 945).  In any event, even assuming, arguendo, that the testimony constituted inferential bolstering, we note that defense counsel "may have had a strategic reason for failing to [object to such testimony] inasmuch as he may not have wished to draw further attention to [such testimony]" (*People v Williams*, 107 AD3d 1516, 1517, *lv denied* 21 NY3d 1047; *see People v Bethune*, 80 AD3d 1075, 1076-1077, *lv denied* 17 NY3d 792).

With respect to defense counsel's reference during jury selection to the victim's prior identification of defendant, we conclude that defendant failed to " 'demonstrate the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" (*People v Caban*, 5 NY3d 143, 152; *see People v Benevento*, 91 NY2d 708, 712).  Identification was the central issue at trial, and defense counsel's primary strategy was to suggest that the victim had misidentified defendant as the perpetrator.  The specific question during jury selection to which defendant objects was designed to enable defense counsel to determine whether the particular prospective juror believed that the victim's identification could be considered reliable when it was not contemporaneous with the incident and, thus, the question was consistent with defense counsel's strategy of attempting to discredit the reliability of the victim's identification.  Viewing defense counsel's representation as a whole, we conclude that defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant further contends that he was denied a fair trial based upon the cumulative effect of prosecutorial misconduct.  Defendant failed to preserve his contention for our review with respect to many of the instances of alleged prosecutorial misconduct (*see People v Scission*, 60 AD3d 1391, 1392, *lv denied* 12 NY3d 859, *reconsideration denied* 13 NY3d 749), and we conclude in any event that "[a]ny 'improprieties were not so pervasive or egregious as to deprive defendant of a fair trial' " (*People v Johnson*, 303 AD2d 967, 968, *lv denied* 100 NY2d 583).

We reject defendant's contention that the photo array was unduly suggestive and thus that County Court erred in refusing to suppress the identification evidence.  The People met their initial burden of establishing the reasonableness of the police conduct with respect to the photo array, and defendant failed to meet his ultimate burden of proving that the identification procedure was unduly suggestive (*see generally People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833).

Finally, there is no merit to defendant's further contention that he was improperly sentenced as a second child sexual assault felony

offender (*see generally People v Armbruster*, 32 AD3d 1348, 1349).

Entered:  March 28, 2014                    Frances E. Cafarell
                                            Clerk of the Court