People v Curry (2021 NY Slip Op 01860)





People v Curry


2021 NY Slip Op 01860


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Renwick, J.P., Mazzarelli, Singh, González, JJ. 


Ind No. 1541/15, 2632/16 1541/15, 2632/16 Appeal No. 13412 Case No. 2018-183 

[*1]The People of the State of New York, Respondent,
v
Michael Curry, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (William B. Carney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila L. Bautista of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered February 23, 2017, as amended March 15, 2017, convicting defendant, after a jury trial, of bribing a witness, criminal contempt in the first degree (two counts), and tampering with a witness in the fourth degree (three counts), and sentencing him, as a second felony offender, to an aggregate term of 6½ to 13 years, unanimously affirmed.
Defendant's legal insufficiency claims relating to his bribery and contempt convictions are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. We also find that those convictions were not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]).
The record establishes the count of first-degree criminal contempt pursuant to Penal Law § 215.51(b)(ii). Defendant may be presumed t0 have "intended the natural and probable consequences" (People v Barboni, 21 NY3d 393, 405 [2013]) of his repeated calls urging the victim to cause charges to be dropped, namely, that these calls would cause the victim to have a reasonable fear of physical injury, in light of defendant's past conduct when the two were living together before his incarceration. This conduct included including beating the victim on multiple occasions, sometimes causing her to lose consciousness and on one occasion causing her eye to remain sealed shut for weeks. In addition, the victim reasonably feared that defendant, while incarcerated, would send someone after her or her children, given that defendant had often unilaterally brought guests to their apartment when they were living together.
The record also establishes the count of first-degree criminal contempt pursuant to Penal Law § 215.51(b)(iv). Defendant's conduct of placing about 1,100 phone calls to the victim over the course of about seven months, in violation of orders of protection that he undisputedly knew had been issued to protect her from him, showed his intent to harass, annoy, threaten or alarm her (see People v Padin, 121 AD3d 628 [1st Dept 2014], lv denied 25 NY3d 1169 [2015]). Defendant's emphasis on the victim's acquiescence to having contact with him is unpersuasive in light of defendant's past conduct and the physically abusive nature of the relationship (see People v Alexander, 50 AD3d 816, 818 [2d Dept 2008], lv denied 10 NY3d 955 [2008] [intent to harass, annoy, threaten or alarm reasonably inferred from the defendant's "earlier attack that resulted, among other things, in the victim being blinded in one eye, and his calling the
victim approximately 435 times during the five months in question"]).
We perceive no basis for reducing the sentence.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021