■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERRELL L. MOORE, Appellant. [21 NYS3d 665]—

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered November 18, 2013. The judgment convicted defendant, upon her plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon her plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that her concededly valid waiver of the right to appeal does not encompass her challenge to the severity of the sentence because County Court failed to abide by the sentencing provisions of the plea agreement. The record does not support defendant's contention that the court did not comply with the sentencing provisions of the plea agreement. During the plea colloquy, the court promised to impose a determinate sentence between 5 and 15 years should defendant comply with certain conditions of the plea, including

cooperating in the prosecution of the codefendants. Defendant fulfilled the conditions, and the court sentenced defendant to a determinate term of incarceration of $9^{1}/_{2}$ years. We thus conclude that the valid waiver of the right to appeal encompasses defendant's challenge to the severity of the bargained-for sentence (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *see generally People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Scudder, P.J., Smith, Centra, Peradotto and Carni, JJ.