People v Myers (2018 NY Slip Op 08861)





People v Myers


2018 NY Slip Op 08861


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


1376 KA 16-01977

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THEODORE E. MYERS, DEFENDANT-APPELLANT. 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Marianne Furfure, A.J.), rendered June 1, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of attempted manslaughter in the first degree (Penal Law §§ 110.00, 125.20 [1]). Defendant's valid waiver of the right to appeal, which included a waiver of the right to challenge both the "conviction and sentence," encompasses his contention that the sentence is unduly harsh and severe (see People v Lopez, 6 NY3d 248, 255-256 [2006]; People v Hidalgo, 91 NY2d 733, 737 [1998]; cf. People v Maracle, 19 NY3d 925, 928 [2012]). Defendant failed to preserve for our review his challenge to the plea on the ground that it was not knowingly, voluntarily, and intelligently entered, and we reject his contention that this case falls within the rare exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]). Contrary to defendant's contention, because he was indicted on a count of attempted murder in the first degree (§§ 110.00, 125.27 [1] [a] [vi]), which is a class A-I felony (see § 110.05 [1]), his plea was required to include a plea of guilty to at least a class C violent felony offense (see CPL 220.10 [5] [d] [i]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court