▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL L. PACHECO, Appellant. [53 NYS3d 873]—Appeal from a judgment of the Supreme Court, Monroe County (JoAnne M. Winslow, J.), rendered December 22, 2014. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the second degree, assault in the first degree, burglary in the first degree (two counts), assault in the second degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Carni, J.P., Curran, Troutman and Scudder, JJ.

▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAKUSHA M. McMORRIS, Appellant. [53 NYS3d 870]—Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered August 17, 2015. The judgment convicted defendant, upon her plea of guilty, of attempted criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]). Contrary to defendant's contention, the record establishes that County Court did not conflate the waiver of the right to appeal with those rights automatically forfeited by a guilty plea (*see People v McCrea*, 140 AD3d 1655, 1655 [2016], *lv denied* 28 NY3d 933 [2016]). The court " 'expressly ascertained from defendant that, as a condition of the plea, [s]he was agreeing to waive [her] right to appeal' " (*id.*), and the court expressly advised defendant that the waiver included any challenge to the severity of the sentence. Defendant is therefore foreclosed from challenging the severity of the negotiated sentence (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]). Present—Carni, J.P., Curran, Troutman, Winslow and Scudder, JJ.