People v Howard (2019 NY Slip Op 04843)





People v Howard


2019 NY Slip Op 04843


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


622 KA 18-00518

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NAESEAN HOWARD, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Robert L. Bauer, A.J.), rendered February 17, 2017. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree, assault in the second degree and criminal possession of a weapon in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law
§ 120.10 [1]), assault in the second degree (§ 120.05 [2]), and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). Contrary to defendant's contention, the record establishes that he knowingly, voluntarily and intelligently waived the right to appeal (see generally People v Lopez, 6 NY3d 248, 256 [2006]). County Court did not conflate the general, unrestricted waiver of the right to appeal with those rights automatically forfeited by a guilty plea and expressly advised defendant that the waiver included any challenge to the severity of the negotiated sentence (see People v McMorris, 151 AD3d 1779, 1779 [4th Dept 2017], lv denied 29 NY3d 1130 [2017]). Moreover, "the record establishes that defendant reviewed the written waiver of the right to appeal with his attorney, stated that he understood it completely, and had no questions for the court with respect to it" (People v Gebreyesus, 133 AD3d 1365, 1366 [4th Dept 2015], lv denied 27 NY3d 997 [2016]). Defendant's valid waiver of the right to appeal forecloses any challenge by defendant to the severity of the sentence (see People v Hidalgo, 91 NY2d 733, 737 [1998]).
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court